GEORGE CRISMAN *et al.* plaintiffs in error, *v.* THE PEOPLE OF THE STATE OF ILLINOIS, defendants in error.

*Error to Morgan.*

A recognizance was entered into in the Morgan Circuit Court, which was subsequently forfeited by reason of the default of the principal to appear as required. A *sci. fa.* was issued from that Court to Scott county, and there served on three of the sureties. They appeared in Court, and, by their counsel, objecting to its jurisdiction, moved to quash the *sci. fa.* because it was issued without legal authority and contained no averment that the cause of action accrued in Morgan county: *Held,* that the Court had full power to issue its process to any county in the State where the defendants, or any of them resided, or might be found; *held,* also, that the rule is universal, that recognizances must be prosecuted in the Court in which they are taken or acknowledged, or to which they are by law returned; *held,* further, that where a recognizance is joint and several, the *sci. fa.* upon it; is in the nature of a several process against each, having for its object the procurement of an execution according to the force and effect of the recognizance.

A *scire facias* upon a recognizance is not the commencement of a suit, within the meaning of the Practice Act prohibiting suits from being brought out of the county where the cognizors may reside; but it is a judicial writ to have execution upon a debt of record.

SCIRE FACIAS upon a joint and several recognizance entered into in the Morgan Circuit Court, &c. issued to Scott county, and there served upon three of the several sureties therein. Those served with process appeared before the said Court at the May term 1846, the Hon. Samuel D. Lockwood presiding, and, by counsel, moved to quash the writ because it contained no sufficient averment to give the Court jurisdiction of the cause, &c. The motion was overruled, the defendants' default entered, and judgment accordingly.

*M. McConnell,* for the plaintiffs in error.

I. Has the Court power to issue writs of *scire facias* upon recognizances of bail at all?

This is not a Common Law power. By the Common Law this writ could issue only in real actions and in proceedings *in rem.* 6 Bac. Abr. 105, 108; *McCourtie* v. *Davis,* 2 Gilm. 191–205. If this be the rule of the Common Law, all the

rules referred to in the English law books as governing writs of *scire facias* were rules prescribed by Acts of Parliament. Has the statute of Illinois provided for this writ in a case like the present? The only section of law is in the Revised Statutes, 187, § 196.

II. If the Circuit Court had power to issue this writ at all, where is the power to issue it to a foreign county? The statute only confers jurisdiction upon the Circuit Courts within their counties. Rev. Stat. 146, § 29. Why was it necessary to pass an express law giving the Sangamon Circuit Court jurisdiction over civil causes in favor of the People or the State, if the Circuit Courts had that power without that law. Ib. §§ 51, 60–64. Why was it necessary to pass the 194th section authorizing the issuing of executions to foreign counties if the Circuit Court had such power without that section. The first section expressly directs that the first process shall be directed to the county where the Court sits. Ib. 413. The second section of the same Act provides, that it may issue to a foreign county in certain cases, but this is not one of them, not coming within its provisions. If the *scire facias* stands for a declaration, it has not the necessary averments giving the Court jurisdiction. This is a civil action and the People occupy the place of plaintiff; but where is the county of this plaintiff under the provisions of that section? The cases decided in this Court under that section, and in relation to confining the Circuit Courts to their counties will be found in *Key* v. *Collins*, 1 Scam. 403; *Van Horn* v. *Johnston*, 2 do. 2; *Shepherd* v. *Ogden*, Ib. 260; *Clark* v. *Harkness*, 1 do. 56. Cases in other States tending to shed light upon this subject are numerous. 2 Bibb, 570; 2 Littell, 156; 6 J. J. Marsh. 578; 1 Richardson, 308; *Walker* v. *Hood's Ex'rs*, 5 Blackf. 266–7.

III. Suppose the Court had power to issue the writ of *scire facias*, and also had power to issue it to a foreign county, yet it was error to render a judgment against three out of five of the defendants, and at the first term without making the principal also a party. *Alley* v. *The People*, 1 Gilm. 109; 2 Duer's Pr. 41, *note* 82; Graham's do. 433–4; 2 Tidd's do.

1124; 1 East, side page, 89, *note* 6; 6 Bac. Abr. 121; 3 A. K. Marsh. 641.

IV. This judgment is upon a *scire facias* against five persons, founded upon a recognizance against five persons, which recognizance is in the nature of a judgment, and the object of the suit is to have execution upon that judgment. Now, must not this execution be against all the defendants in that judgment, or against one only? Can a plaintiff have an execution against three of five defendants? If he has a judgment against five, must he not revive it against all, or only against one? 6 Bac. Abr. side page, 109.

V. There is no principle better settled, than that the plaintiff upon a *scire facias* cannot recover cost or interest, unless there is an express statute authorizing it. In this case judgment was rendered for cost against the defendants. 6 Bac. Abr. side page, 103. The eleventh section of the Act in relation to cost, (Rev. Stat. 127,) gives cost in such cases, where plea was pleaded or demurrer joined thereon, if judgment be rendered against defendant. But here no plea was pleaded or demurrer filed and joined.

*J. W. Evans,* on the same side, cited 1 Tidd's Pr. 253, side page; Ibid, 1323; 6 Bac. Abr. 121; *Alley* v. *The People,* 1 Gilm. 112; *White* v. *Thomas,* Bre. 43; *Cox* v. *McFerron,* Ib. 10; *State* v. *Humphreys,* 4 Blackf. 535.

*D. B. Campbell,* Attorney General, for the People.

The *sci. fa.* could be sent to another county. Rev. Stat. 413.

A *sci. fa.* can only issue from the Court in whose possession the record is. 9 Mass. 520; 7 do. 343.

A *sci. fa.* must be directed to the county where the cognizor resides. 2 Pirtle's Dig. 370; 3 J. J. Marsh. 642.

Judgment can be rendered by default when defendant fails to plead. Bre. 43.

Judgment can be rendered against one security on *sci. fa.* without the other being served, or two returns of *"nihil."*

1 Gilm. 109; 2 Tidd's Pr. 1091–2; 1 Blackf. 202; 3 do. 337; 2 Pirtle's Dig. 318, 366.

*H. Dusenbury*, Circuit Attorney, filed the following brief:

It is insisted that the bond upon which the *sci. fa.* was issued against the plaintiffs in error was joint and several, and is not like the cases cited by the counsel for the plaintiffs in error.

The Court below had jurisdiction, and the record shows no error. The *sci. fa.* could only issue from the Court where it was a matter of record; there the cause of action arose, and that Court possessed legal authority to send its process to any county in the State of Illinois where the defendants resided. The Court correctly entered judgment only against the parties served with process. Rev. Stat. 413, § 2; *Madison* v. *Commonwealth*, 2 A. K. Marsh. 131; *Lucket* v. *Austin*, 4 Bibb, 182; *Bruel* v. *Colgan*, 2 Littell, 284; *Chinn* v. *Commonwealth*, 5 J. J. Marsh. 29; *United States* v. *Cushman*, 2 Sumner, 310; 3 U. S. Dig. 389, § 106.

The Opinion of the Court was delivered by

PURPLE, J.* In this case a writ of *scire facias* was issued upon a forfeited recognizance, entered into at the May term of the Morgan Circuit Court, by Charles Crisman, as principal, James Babbitt and William Read, together with the plaintiffs in error as sureties, for the appearance of the principal at the next Circuit Court of said county, to answer to an indictment for larceny.

The recognizance, which is set out in *hæc verba* in the *scire facias*, was taken, acknowledged and entered of record in open Court.

It is joint and several, and in other respects in the usual form.

The plaintiffs were served with process, and the same was returned *nihil* as to Charles Crisman, Babbitt and Read. The writ was issued from the Morgan Circuit Court to the Sheriff of Scott county, and executed and returned

---

*WILSON, C. J. and Justices LOCKWOOD and YOUNG did not sit in this case.

by him. The plaintiff appeared and moved to quash the writ, which motion was overruled; and in default of further answer, judgment was rendered against them that execution issue for the amount of said recognizance. Two points are relied on to reverse the judgment.

1. That the Circuit Court erred in issuing process to the county of Scott.

2. That no judgment awarding execution could be entered against the plaintiffs without service upon all the cognizors, or two returns of *nihil* as to those not served.

The last question has been fully considered and settled in the case of *Sans* v. *The People*, decided at the present term of this Court. (*Ante*, 327.) In that case it is held, that the recognizance being joint and several, the *scire facias* upon it is in the nature of a several process against each, the object of which is, to obtain execution according to the force and effect of the recognizance.

There can be no doubt about the jurisdiction of the Court. It had full power to send its process to any county in the State, where the plaintiffs, or any of them, resided or might be found.

It is a universal rule, that recognizances must be prosecuted in the Court in which they are taken or acknowledged, or to which they are by law returned.

The cognizors, by the acknowledgment of this recognizance, had already submitted themselves to the jurisdiction of the Court. The *scire facias* is not the commencement of a suit, within the meaning of our Practice Act, prohibiting suits against defendants from being brought out of the county where they may reside; but a judicial writ to have execution upon a debt of record.

There is no error in this proceeding. The judgment of the Circuit Court is affirmed with costs.*

*Judgment affirmed.*

---

*A petition for a re-hearing was filed in this cause, and *denied*. There was a second case between the same parties, depending upon the same state of facts and questions of law, and the same judgment was rendered.